**LAUREL EMPLOYMENT LAW**
Joshua I. White (State Bar No. 278166)
josh@laurelemploymentlaw.com
Erin C. Cole (State Bar No. 341161)
erin@laurelemploymentlaw.com
808 Wilshire Boulevard, Suite 200
Santa Monica, CA 90401
Telephone: (323) 551-9221
Facsimile: (310) 564-4093

Attorneys for Plaintiff,
Nataly Vidal

**SEYFARTH SHAW LLP**
Laura Wilson Shelby (SBN 151870)
lshelby@seyfarth.com
Shardé T. Skahan (SBN 286157)
sskahan@seyfarth.com
Jessica C. Koenig (SBN 340974)
jkoenig@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALY VIDAL, an Individual, | Case No. 2:26-cv-02995-MWC-AJR |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | Date:          June 5, 2026 |
| COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 through 10, Inclusive, | Time:          1:30 p.m. |
| | Courtroom:  6A |
| Defendants. | Complaint Filed: February 17, 2026 |
| | Removal Filed:  March 20, 2026 |
| | Trial Date:       None Set |

JOINT RULE 26(f) REPORT

Counsel for Defendant Costco Wholesale Corporation ("Defendant" or "Costco") and counsel for Plaintiff Nataly Vidal ("Plaintiff") hereby respectfully jointly submit this Report pursuant to Federal Rule of Civil Procedure 26(f) and this Court's March 27, 2026 Order Setting Scheduling Conference (the "Order").  (Dkt. No. 11.)

**A.**    **STATEMENT OF THE CASE**

**Plaintiff's Position:**

Plaintiff Nataly Vidal is an individual residing in Los Angeles County, California, who was hired by Defendant Costco Wholesale Corporation ("Costco") as a seasonal cashier and front-end associate at its Woodland Hills location on November 26, 2025. At the time of hire, Plaintiff was seven months postpartum and actively nursing her infant son, born May 10, 2025. During her orientation, Plaintiff disclosed to management that she was a nursing mother who would need lactation accommodations, and Defendant's management personnel assured Plaintiff that accommodations would be provided.

Defendant designated a room they called the "quiet room" for Plaintiff's lactation needs, which was also used for orientation videos, training videos, and interviews, and which was not consistently maintained in a sanitary condition. Plaintiff typically used her lunch breaks for pumping sessions, which required approximately thirty minutes for the pumping process itself, plus additional time for travel, bathroom use, and properly storing her milk—occasionally causing her to return from lunch slightly late.

On December 2, 2025, Plaintiff left work early to take her infant son to the hospital after he suffered a head injury resulting in a brain bleed, a life-threatening condition requiring immediate emergency care. Plaintiff offered to provide medical documentation, but Defendant never requested it.

On December 11, 2025—just sixteen days into her employment—Defendant issued Plaintiff an Employee Counseling Notice citing excessive tardiness for late returns from lunch of approximately thirty-five and thirty-seven minutes, delays directly attributable to her exercise of lactation rights under Labor Code section 1033. Defendant's own written counseling notice contains a handwritten notation stating that two tardiness instances were

<hr>

JOINT RULE 26(f) REPORT

326088082v.1

"due to Lactation time." The following day, December 12, 2025, Plaintiff was terminated. During the termination meeting, management stated Defendant was going to terminate her anyway, explicitly citing both the lactation-related tardiness and Plaintiff's absence on December 2, 2025 to care for her hospitalized infant son. The official Termination/Resignation Form lists only "Seasonal Termination — Probationary" as the reason for termination and contains no mention of any performance-related issues, exposing Defendant's post-hoc justifications as pretextual.

Plaintiff alleges Defendant's conduct constitutes sex discrimination, harassment, retaliation, wrongful termination in violation of public policy, failure to provide and retaliation for requesting lactation accommodations, retaliation for exercising kin-care leave rights, and numerous Labor Code violations regarding meal periods, final wages, wage statements, and payroll records. Plaintiff seeks general and special damages, punitive damages, statutory penalties, attorneys' fees, and costs.

**Costco's Position:**

This is a pregnancy discrimination, failure to accommodate, and wrongful termination action brought pursuant to the California Fair Employment and Housing Act (Cal. Gov. Code § 12940 et seq.), in which Plaintiff alleges that she was terminated on the basis of her request for accommodations for her lactation needs and for engaging in protected activities.

Costco denies the merits of Plaintiff's alleged claims in this action and further denies that Costco caused Plaintiff any damages. As to the underlying facts, on November 26, 2025, Plaintiff was hired as a Seasonal Front End Cashier Assistant at the Woodland Hills warehouse. On December 12, 2025, Costco made the decision to end Plaintiff's seasonal employment due to performance issues.

At the time of hire, all seasonal employees, including Plaintiff, were informed that they were classified as probationary employees during the first 90 days of their employment, and that their employment could be terminated at any time, for any reason, during this period. Due to Plaintiff's repeated violations of Costco's dress code policy and

JOINT RULE 26(f) REPORT

326088082v.1

absenteeism policy, as well as her unprofessional communication with management, Costco made the decision to end her seasonal position on December 12, 2025.

Costco provided reasonable accommodations to Plaintiff throughout her 17-day employment at the Woodland Hills warehouse related to her need to pump during work shifts. There is no evidence that the termination of Plaintiff's seasonal position was in any way connected to her engaging in any alleged protected activity, based on a protected characteristic, or motivated by any retaliatory reason.

Plaintiff's claim that her termination was based on her need to leave work early on December 2, 2025, due to her son being injured is false. At no time was Plaintiff admonished or disciplined for such conduct, nor was this purported incident ever cited by anyone at Costco as the reason for her termination.

Rather, Plaintiff received an Employee Counseling Notice ("ECN") on December 10, 2025, for failing to timely notify management that she would be absent at least one hour before her scheduled start time. On that date, Plaintiff was scheduled to work at 5:30 p.m. but did not notify management of her absence until 4:40 p.m. When asked why she was unable to report for her scheduled shift, Plaintiff stated that she had not arranged for a babysitter. As a seasonal employee, Plaintiff had not yet accrued paid sick time, which required 90 days of employment with Costco. Plaintiff signed the ECN acknowledging receipt and never objected to receiving it, nor did she report that this incident was in any way related to a medical emergency involving her infant son.

Accordingly, Plaintiff's FEHA claims for discrimination, harassment, retaliation, failure to provide required lactation accommodations, and violations of the California Labor Code fail, as do her causes of action for retaliation under the California Labor Code and wrongful termination.

**B.      SUBJECT MATTER JURISDICTION**

On February 17, 2026, Plaintiff filed an unverified Complaint in the Superior Court of the State of California, County of Los Angeles, Case No. 26VECV00965 (the "Complaint"). In the Complaint, Plaintiff asserts thirteen causes of action for: (1) sex

JOINT RULE 26(f) REPORT

326088082v.1

discrimination (Gov't Code § 12940(a)); (2) harassment and hostile work environment (Gov't Code § 12940(h)); (3) retaliation (Gov't Code § 12940(h); (4) failure to prevent discrimination, harassment, and retaliation (Gov't Code § 12940(k)); (5) wrongful termination in violation of public policy; (6) failure to provide required lactation accommodation (Gov't Code § 1033(a)); (7) retaliation for requesting or using lactation accommodation (Gov't Code § 1033(b)); (8) retaliation for exercising kin-car leave rights (Lab. Code § 233); (9) failure to provide meal periods (Lab. Code § 512); (10) failure to timely pay final wages at separation (Lab. Code §§ 201-203); (11) failure to provide accurate itemized wage statements (Lab. Code § 226); (12) failure to maintain required payroll and employment records failure to timely pay final wages at separation (Lab. Code § 1198.5); and (13) unfair business practices (Bus. & Prof. Code §§ 17200, *et seq*).

On March 18, 2026, Costco timely filed its Answer to Plaintiff's Complaint.

On March 20, 2026, Costco timely removed the action based on diversity jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeded $75,000 and was between citizens of different states (Plaintiff is a citizen of California and Defendant is a citizen of Washington). (Dkt. No. 1.)

## C.   <u>LEGAL ISSUES</u>

The Parties do not anticipate any unusual substantive, procedural or evidentiary issues in this case.

**Plaintiff's Further Position:**

Plaintiff contends that the principal issues to be determined are: (1) whether Defendant's disciplinary and termination decisions constituted sex discrimination based on Plaintiff's status as a nursing mother under the California Fair Employment and Housing Act ("FEHA"), Government Code § 12940(a); (2) whether Defendant created a hostile work environment based on Plaintiff's sex and pregnancy-related medical status under FEHA, Government Code § 12940(j); (3) whether Defendant retaliated against Plaintiff for engaging in protected activity under FEHA, Government Code § 12940(h); (4) whether Defendant failed to take all reasonable steps necessary to prevent discrimination,

JOINT RULE 26(f) REPORT

326088082v.1

harassment, and retaliation in violation of Government Code § 12940(k); (5) whether Plaintiff's termination constitutes wrongful termination in violation of California public policy protecting nursing mothers and employees who exercise protected leave rights; (6) whether Defendant failed to provide required lactation accommodations under Labor Code § 1033(a) and retaliated against Plaintiff for using such accommodations under Labor Code § 1033(b); (7) whether Defendant retaliated against Plaintiff for exercising kin-care leave rights under Labor Code § 233; and (8) whether Defendant failed to provide required meal periods, timely pay final wages, provide accurate itemized wage statements, and maintain required payroll and employment records under Labor Code §§ 512, 201-203, 226, and 1198.5.

**Costco's Further Position:**

Costco contends that the principal issues to be determined are:

1.     Whether Plaintiff was subjected to discrimination on the basis of her pregnancy;

2.     Whether Plaintiff engaged in any protected activity under the FEHA;

3.     Whether Plaintiff was subjected to any adverse action because of a disability or protected activity;

4.     Whether Defendant satisfied its legal obligations to engage in the interactive process with Plaintiff and provide reasonable accommodation;

5.     Whether ending Plaintiff's seasonal employment constitutes wrongful termination;

6.     Whether Plaintiff has incurred any damages, and if so, whether those damages were caused by Costco; and

7.     Whether Plaintiff has made reasonable efforts to mitigate her alleged damages.

JOINT RULE 26(f) REPORT

326088082v.1

**D.    DAMAGES**

**Plaintiff's Position:**

Plaintiff seeks the following categories of damages. The precise amount will be proven at trial, and specific figures are subject to discovery.

Plaintiff seeks past and future lost wages and employment benefits arising from Defendant's unlawful termination, including earnings lost from the date of termination through the expected conclusion of her seasonal employment and any future lost earnings. Plaintiff's hourly rate was $20.00 per hour, with premium pay of $30.00 per hour on Sundays, and her seasonal position was scheduled to continue through approximately January 5-7, 2026. Plaintiff also seeks general damages for emotional distress, humiliation, and mental anguish. Plaintiff further seeks punitive damages, as Defendant's actions were willful and deliberate and in conscious disregard of Plaintiff's rights, entitling her to punitive damages pursuant to Civil Code section 3294.

Plaintiff additionally seeks statutory penalties, including: waiting time penalties pursuant to Labor Code section 203 in the amount of thirty days' wages at Plaintiff's regular rate of pay; wage statement penalties pursuant to Labor Code sections 226 and 226.3; meal period premium wages pursuant to Labor Code section 226.7; and penalties under Labor Code section 1198.5. Plaintiff also seeks restitution of benefits Defendant acquired through unlawful business practices pursuant to Business and Professions Code section 17203, and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Labor Code sections 218.5 and 226, together with prejudgment interest and costs of suit. Based on the amount in controversy asserted in the Notice of Removal and the nature of the claims, Plaintiff's realistic range of provable damages—exclusive of punitive damages and attorneys' fees—is no less than $75,000, with the potential for substantially greater recovery depending on the evidence developed through discovery.

JOINT RULE 26(f) REPORT

326088082v.1

**Costco's Position:**

Costco contends that Plaintiff was not injured in any way by any alleged wrongful or unlawful act or omission by Costco and is not entitled to any damages whatsoever. Costco reserves its right to seek recovery of costs and fees as permitted by law.

**E.    PARTIES AND EVIDENCE**

The Parties to the Complaint are (1) Plaintiff Nataly Vidal and (2) Defendant Costco Wholesale Corporation.[1]

**Plaintiff's Further Position:**

Plaintiff identifies the following key percipient witnesses: (1) Nataly Vidal, Plaintiff—has direct knowledge of all events at issue; (2) Leslie (last name presently unknown), Costco orientation coordinator, who assured Plaintiff during orientation on November 26, 2025 that lactation accommodations would be provided; (3) Justin (last name presently unknown), Costco manager involved in Plaintiff's discipline; (4) Kirvy (last name presently unknown), Costco manager who conducted the December 12, 2025 termination meeting; (5) Shantel/Chantel (last name presently unknown), a higher-level Costco manager or general manager involved in Plaintiff's situation; and (6) Costco general manager who handled escalated issues. Additional Costco management and human resources personnel with knowledge of Plaintiff's employment, discipline, and termination will be identified through discovery.

Key documents include: Plaintiff's complete personnel file, employment records, and onboarding materials; payroll and time records for Plaintiff's employment from November 26, 2025 through December 12, 2025; the December 11, 2025 Employee Counseling Notice, including the handwritten notation that two tardiness instances were "due to Lactation time — KV"; the December 12, 2025 Termination/Resignation Form; Defendant's written lactation accommodation policy (if any) and records regarding the designated lactation space at the Woodland Hills location; all written and electronic communications among managers concerning Plaintiff's accommodation, discipline, and

---

[1] Costco has no parent corporation or subsidiary.

JOINT RULE 26(f) REPORT

termination; Defendant's employee discipline, attendance, and termination policies; records of similarly situated seasonal or probationary employees; and manager training records regarding lactation accommodation and anti-discrimination compliance.

**Costco's Further Position:**

Based on the information known to date, given a reasonable investigation, Costco believes that the following individuals are likely to have discoverable information regarding the main issues identified in the operative Complaint:

1.    Plaintiff;

2.    Chantal Kupelian, Warehouse General Manager;

3.    Kirvy Vasquez, Administrative Manager;

4.    Jaime Goldberg, Assistant General Manager;

5.    Henry Amaya, Front End Assistant Manager;

6.    Justin Schupbach, Front End Supervisor;

7.    Lesly Almaraz-Jimenez, Payroll Clerk; and

8.    Plaintiff's treating healthcare provider(s).

As the case is in its nascent stages, Costco is not yet able to set forth the names of all percipient witnesses that Costco believes will support its case.  Costco will do so in its initial disclosures and supplement those disclosures as necessary.

Without waiving its right to supplement this list, Costco provides the following categories of non-privileged documents on the main issues of the case:

1.    Plaintiff's personnel records;

2.    The Costco Employee Agreement and any other relevant policies and procedures concerning Plaintiff's employment;

3.    Plaintiff's medical records;

4.    Documents related to the interactive process between Plaintiff and Costco;

5.    Documents related to reasonable accommodations offered by Costco to Plaintiff for her lactation needs;

6.    Documents related to Plaintiff's termination from her seasonal employment;

9

JOINT RULE 26(f) REPORT

7.    Documents related to Plaintiff's claim of emotional distress, including any medical or psychological records demonstrating treatment for emotional distress, a pre-existing mental or emotional condition, and potential alternate stressors;

8.    Documents related to Plaintiff's efforts to obtain subsequent employment, if any, and any income Plaintiff received from any subsequent source.

In identifying these documents, Costco does not waive any evidentiary or other objections.  Additional categories of documents that may be used to support Costco's defenses may be identified during the course of discovery.

## F.    INSURANCE

Costco currently has no applicable insurance coverage.

## G.    MANUAL FOR COMPLEX LITIGATION

The Parties agree that this action is not a complex matter and, thus, does not warrant the utilization of procedures from the Manual for Complex Litigation.

## H.    MOTIONS

Plaintiff may move to amend the Complaint to substitute true names and capacities for fictitiously named Defendants (DOES 1-10) if additional responsible individuals or entities are identified through discovery.  At this time, the Parties do not anticipate seeking to add new parties or causes of action, though this may change following discovery.

## I.    DISPOSITIVE MOTIONS

**Plaintiff's Position:**

Plaintiff does not anticipate filing any dispositive motions, but reserves the right to file based on new information obtained through discovery.

**Costco's Position:**

Costco contends that all of Plaintiff's claims should be dismissed because there is no evidence of sex discrimination, retaliation or any other form of wrongful termination, for the reasons set forth in Section I, *supra*.  Accordingly, Costco anticipates filing a motion for summary judgment and/or partial summary judgment on each of Plaintiff's claims, including Plaintiff's claim for punitive damages.

JOINT RULE 26(f) REPORT

326088082v.1

If Costco's motion for summary judgment is not granted in its entirety, then Costco anticipates: (1) filing motions *in limine* as necessary; and (2) seeking a stipulation to—or moving to—bifurcate consideration of punitive damages from the remainder of the case.

## J.    STATUS OF DISCOVERY

**Plaintiff's Position:**

No formal discovery has been conducted to date. Prior to the filing of this action, Plaintiff served a demand letter on Defendant. Defendant responded to the demand letter but denied all allegations. Defendant failed to provide requested personnel files and payroll records by the pre-litigation deadlines. The parties have not yet exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), which will occur within 14 days of the Scheduling Conference as agreed upon by the parties. No current discovery disputes exist; however, the parties anticipate that disputes may arise concerning the scope of discovery into Defendant's policies, comparator employee records, and electronically stored information, and reserve all rights to seek Court intervention if necessary.

**Costco's Position:**

Costco anticipates propounding written discovery requests to Plaintiff and noticing Plaintiff's deposition.  Costco also intends to propound subpoenas for business records and/or deposition appearances to Plaintiff's treating healthcare provider(s), former/current/prospective employer(s) and percipient witnesses who may have knowledge of Plaintiff's allegations once their identity is known.  Costco agrees to work cooperatively to schedule depositions on dates convenient for all parties involved.

There are no discovery issues at present, and Costco does not currently anticipate any discovery issues in the future.

## K.    DISCOVERY PLAN

The Parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, subject to modification by agreement of the Parties and/or by Court order.

JOINT RULE 26(f) REPORT

326088082v.1

**Plaintiff's Further Position:**

Plaintiff intends to conduct all forms of discovery permitted under the Federal Rules of Civil Procedure. Plaintiff will propound interrogatories, requests for production of documents, and requests for admission directed to Defendant's employment policies, attendance and discipline policies, lactation accommodation policies and practices, comparator employee records, and internal communications concerning Plaintiff's employment, discipline, and termination.

Plaintiff will seek to depose Defendant's key management personnel, including Chantal Kupelian, Kirvy Vasquez, Justin Schupbach, Henry Amaya, Jaime Goldberg, and Lesly Almaraz-Jimenez, as well as any additional individuals identified through initial disclosures and written discovery.

Plaintiff anticipates seeking electronically stored information, including emails, text messages, and other electronic communications among Costco managers and human resources personnel concerning Plaintiff's accommodation requests, counseling, and termination, and intends to meet and confer with Defendant regarding an appropriate ESI protocol. Plaintiff may also issue third-party subpoenas as warranted by the facts developed in discovery.

Plaintiff does not request any changes to the default limitations on discovery at this time but reserves the right to seek modifications as the case develops, including seeking Court intervention regarding the scope of comparator employee discovery and electronically stored information.

**Costco's Further Position:**

Costco anticipates conducting all forms of discovery permitted under the Federal Rules of Civil Procedure.  The topics for discovery anticipated by Costco include, but are not limited to: Plaintiff's seasonal employment with Costco, Plaintiff's medical history, Plaintiff's protected activities (if any); the interactive process between Plaintiff and Costco, reasonable accommodations offered by Costco to Plaintiff, Plaintiff's alleged emotional

JOINT RULE 26(f) REPORT

326088082v.1

distress (including any pre-existing condition and alternate stressors), Plaintiff's subsequent employment, and the basis for Plaintiff's allegations in the Complaint.

Costco does not anticipate requesting to formally limit discovery to particular issues, to conduct discovery in phases, or to change applicable limitations. However, Costco reserves the right to request changes or limitations, where necessary, as the case progresses.

Costco does not request the Court enter any discovery orders at this time.

**L.    EXPERT DISCOVERY**

**Plaintiff's Position:**

Plaintiff anticipates retaining expert witnesses in the following areas: (1) emotional distress and psychological harm; and (2) economic damages, including calculation of lost wages, future earnings, and lost employment benefits. Plaintiff agrees to the following proposed schedule for expert disclosures, consistent with Defendant's proposal:

- Expert disclosures (initial): February 12, 2027
- Expert disclosures (rebuttal): February 26, 2027
- Expert discovery (cut-off): March 12, 2027

**Costco's Position:**

Costco proposes the following dates for expert witness disclosures and expert discovery cut-off, which are also listed in the attached Schedule Worksheet.

- Expert disclosures (initial): February 12, 2027.
- Expert disclosures (rebuttal): February 26, 2027
- Expert disclosures (cutoff): March 12, 2027

**M.    SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

At this time, the Parties have not engaged in settlement discussions.

**Plaintiff's Further Position:**

A Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case on March 26, 2026 (Doc. 9). Pre-litigation communications included an exchange

JOINT RULE 26(f) REPORT

326088082v.1

of a demand letter and response letter but did not involve any discussion of settlement terms.

Pursuant to the Court's Order, the parties state their ADR preference as follows:

1. Private Mediation

2. Court Mediation Panel

3. Magistrate Judge (with Court approval)

**Costco's Further Position:**

Costco is not presently amenable to private mediation given the facts of this case and case value.  Costco is agreeable to a mandatory settlement conference before a Mediator selected from the Court's Mediation Panel.

## N.   TRIAL ESTIMATE

Costco requests that no trial in this matter be set between November to December due to business needs.  The Parties agree that the case will be tried as a jury trial.  The Parties have agreed on a trial to begin on August 2, 2027, or a later date convenient for the Court.

The Parties request a four (4) day trial.

Plaintiff intends to call eight (8) witnesses.

Costco presently intends to call five (5) witnesses.  Additional witness may be identified during the course of discovery.

## O.   TRIAL COUNSEL

Plaintiff's trial counsel will be:

LAUREL EMPLOYMENT LAW
Joshua I. White (SBN 278166)
josh@laurelemploymentlaw.com
Erin C. Cole (SBN 341161)
erin@laurelemploymentlaw.com
808 Wilshire Boulevard, Suite 200
Santa Monica, CA 90401
Telephone: (323) 551-9221
Facsimile: (310) 564-4093

Costco's trial counsel will be:

SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)

14

JOINT RULE 26(f) REPORT

326088082v.1

Email: lshelby@seyfarth.com
Shardé T. Skahan (SBN 286157)
Email: sskahan@seyfarth.com
Jessica C. Koenig (SBN 340974)
Email: jkoenig@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

## P.   MAGISTRATE JUDGE

The Parties do not consent to try the case before a magistrate judge.

## Q.   INDEPENDENT EXPERT OR MASTER

The Parties do not anticipate utilizing an independent expert or master in this case, and do not request the Court consider appointing one.

## R.   SCHEDULE WORKSHEET

The Parties have attached the Schedule Worksheet as Exhibit A.

## S.   OTHER ISSUES

The Parties do not anticipate the necessity of any proposals regarding severance, bifurcation, or other specific orders of proof, other than Costco contends that consideration of punitive damages should be bifurcated from the remainder of the case.

There is no protective order in place at this time.  However, if the need arises, the Parties agree to meet and confer in good faith over the terms of a protective order and enter into a protective order prior to the production of any confidential or commercially sensitive documents in this action.

The Parties do not anticipate this case presenting any unusually complicated technical or technological issues, extraordinarily voluminous document production, witnesses who will need assistance of a court interpreter, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, or the advanced age or health of parties or key witnesses.

15

JOINT RULE 26(f) REPORT

326088082v.1

DATED: May 22, 2026                    Respectfully submitted,

                                       LAUREL EMPLOYMENT LAW


                                       By: */s/ Erin C. Cole*
                                       Joshua I. White
                                       Erin C. Cole
                                       Attorneys for Plaintiff
                                       Nataly Vidal

DATED: May 22, 2026                    Respectfully submitted,

                                       SEYFARTH SHAW LLP


                                       By: */s/ Jessica C. Koenig*
                                       Laura Wilson Shelby
                                       Shardé T. Skahan
                                       Jessica C. Koenig
                                       Attorneys for Defendant
                                       COSTCO WHOLESALE
                                       CORPORATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Jessica C. Koenig, certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 22, 2026                    Respectfully submitted,

                                       SEYFARTH SHAW LLP


                                       By: */s/ Jessica C. Koenig*
                                       Laura Wilson Shelby
                                       Shardé T. Skahan
                                       Jessica C. Koenig
                                       Attorneys for Defendant
                                       COSTCO WHOLESALE
                                       CORPORATION

JOINT RULE 26(f) REPORT

326088082v.1

# EXHIBIT A

# DISTRICT JUDGE MICHELLE WILLIAMS COURT
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. 2:26-CV-02995 | Case Name:  Vidal v. Costco Wholesale Corporation | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one:  ☒  Jury Trial or  ☐  Bench Trial [☒ at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity] Estimated Duration: __4___ Days | | 08/02/2027 | 08/02/2027 |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine [Friday at 1:30 p.m. at least 19 days before trial] | | 07/09/2027 | 07/09/2027 |
| **Event[1]** Note:  Hearings shall be on Fridays at 1:30 p.m.[2] Other dates can be any day of the week | **Time Computation[3]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 6 weeks after scheduling conference | 06/17/2026 | 06/17/2026 |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 01/22/2027 | 01/22/2027 |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 01/29/2027 | 01/29/2027 |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 02/12/2027 | 02/12/2027 |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 02/26/2027 | 02/26/2027 |
| Last Date to Hear Motions [Friday] • Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Court's website | 12 weeks before FPTC | 04/16/2027 | 04/16/2027 |
| Deadline to Complete Settlement Conference [L.R. 16-15] Select one:    ☐  1. Magistrate Judge (with Court approval)    ☐  2. Court Mediation Panel    ☐  3. Private Mediation | 10 weeks before FPTC | 04/30/2027 – Option No. 3 Private Mediation | 04/30/2027 – Option No. 2 Court Mediation Panel |
| Trial Filings (first round) • Motions in Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) • Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 06/11/2027 | 06/11/2027 |
| Trial Filings (second round) • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint Agreed Upon Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 06/25/2027 | 06/25/2027 |
| Other Dates (e.g. class cert motion cut-off, early mediation, etc.) | | | |

[1] The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed seven (7) days before the hearing, supported by a declaration establishing good cause, and must indicate that counsel has met and conferred per Local Rule 7-3
[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

325925431v.1

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA         )
                              )   SS

COUNTY OF LOS ANGELES     )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On May 22, 2026, I served the within document(s):

### JOINT RULE 26(f) REPORT

☐    **(BY MAIL)** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☒    **(BY ELECTRONIC MAIL)** by transmitting the document(s) listed above, electronically via the Court's ECF system, at the e-mail addresses set forth below.

LAUREL EMPLOYMENT LAW      Attorneys for Plaintiff NATALY VIDAL
Joshua I. White
Erin C. Cole                                Email: *josh@laurelemploymentlaw.com*
808 Wilshire Blvd., Suite 200               *erin@laurelemploymentlaw.com*
Santa Monica, CA 90401
Telephone: (323) 551-9221
Facsimile: (310 564-4093

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on May 22, 2026, at Los Angeles, California.

_____
Dana M. Hass

---

PROOF OF SERVICE